# EXHIBIT "A"

# EXHIBIT "A"

# DISTRICT COURT CIVIL COVER SHEET   A-17-754282-C

<u>Clark</u> County, Nevada

XXI

Case No. _____
*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Victor Michael Mendez | DT3 Manager, LLC |

| Attorney (name/address/phone): | Attorney (name/address/phone): |
|---|---|
| Marjorie Hauf, Esq. (702) 598-4529 | |
| 8950 W. Tropicana Ave, Ste 1 | |
| Las Vegas, NV 89147 | |
| mhauf@ganzhauf.com | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | | Torts | |
|---|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** | |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability | |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct | |
| **Title to Property** | ☑ Other Negligence | ☐ Employment Tort | |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort | |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort | |
| **Other Real Property** | ☐ Legal | | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | | |
| ☐ Other Real Property | ☐ Other Malpractice | | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

04/20/2017

Date

/s/ Brittany Armstrong

Signature of initiating party or representative

*See other side for family-related case filings.*

Electronically Filed
04/20/2017 01:05:58 PM

**CLERK OF THE COURT**

1

**COM**
MARJORIE HAUF, ESQ.
Nevada Bar No. 008111
DAVID T. GLUTH, ESQ.
Nevada Bar No. 10596
GANZ & HAUF
8950 W. Tropicana, Suite 1
Las Vegas, NV 89147
Tel: (702) 598-4529
Fax: (702) 598-3626
Attorneys for Plaintiff

2

3

4

5

6

7

8                                                    -o0o-

9                                       **DISTRICT COURT**

10                                 **CLARK COUNTY, NEVADA**

11

VICTOR MICHAEL MENDEZ,

12                                                                      CASE NO.: A-17-754282-C
                                Plaintiff,                             DEPT NO.:

13
                                                                                    XXI
14      -vs-

15      DT3 MANAGER, LLC, a Nevada limited liability
        company; FIFTH STREET GAMING, LLC, a
16      Nevada limited liability company; FINE
        PROPERTIES, LLC, a Nevada limited liability
17      company; FURNACE BAR, a Nevada limited          **COMPLAINT AND**
        liability company, ARAMARK UNIFORM &            **JURY TRIAL REQUEST**
18      CAREER APPAREL, LLC, a foreign limited
        liability company; ROE DISTRIBUTORS I-V;
19      ROE MANUFACTURERS I-V; ROE
        DESIGNERS I-V; DOES I through X; and ROE
20      CORPORATIONS I through X, inclusive.. et al.,

21
                                Defendants
22

23          Plaintiff, VICTOR MICHAEL MENDEZ, by and through his attorneys of record, the law

24      firm of GANZ & HAUF, hereby complains and alleges as follows:

25                          **FACTS COMMON TO EACH CLAIM OF RELIEF**

26          1.      Plaintiff VICTOR MICHAEL MENDEZ (hereinafter "Plaintiff") is now, and at all

27      times herein mentioned, a resident of the State of Nevada, County of Clark.

28          2.      Plaintiff was employed by non-party DTG Las Vegas Manager, LLC.



GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

Page 1 of 15

3.      That the Defendant, DT3 Manager, LLC, is a Nevada limited liability company and was the owner of the property in which the MAPP gas container /propane exploded.

4.      That the Defendant, Fifth Street Gaming, LLC, is a Nevada limited liability company and is believed to be the management company for the gaming and slots for the Downtown Grand.

5.      That the Defendant, Fine Properties, LLC, is a Nevada limited liability company and is believed to be the management company for the Downtown Grand.

6.      That the Defendant, Furnace Bar, is a Nevada limited liability company and is the location of the MAPP gas canister /propane explosion.

7.      Defendant Furnace Bar is believed to be managed by Defendant Fine Properties, LLC and owned by Downtown Grand and/or Defendant DT3 Manager, LLC or DOE/ROE Defendants.

8.      That the Defendant Aramark Uniform & Career Apparel, LLC. (herein after referred to as Aramark), is a Delaware limited liability company and having offices and doing extensive business in Nevada and provided the uniform to Plaintiff's employers, to include non-party DTG Las Vegas Manager, LLC and/or Downtown Grand.

9.      The true names and capacities of Defendants named herein as ROE DISTRIBUTORS I through V, their citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to the Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will ask leave of this court to insert the true names and capacities of such Defendants when the same have been ascertained.

10.     The true names and capacities of Defendants named herein as ROE MANUFACTURERS I through V, their citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to the Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will ask leave of this court to insert the true names and capacities of such Defendants when the same have been ascertained.

11.     The true names and capacities of Defendants named herein as ROE DESIGNERS I

GANZ&HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 596-3626

through V, their citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to the Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will ask leave of this court to insert the true names and capacities of such Defendants when the same have been ascertained.

12.     The true names and capacities of Defendants named herein as DOES I through X, their citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to the Plaintiff who therefore sues these Defendants by such fictitious names. DOES I through V are Defendants employees, or others, that created the dangerous condition that caused Plaintiff's injuries.  Plaintiffs will ask leave of this court to insert the true names and capacities of such Defendants when the same have been ascertained.

13.     The true names of ROE CORPORATIONS I through X, their citizen and capacities whether individual, corporate, associate, partnership, contractual, subcontractor or otherwise, are unknown to the Plaintiff who therefore sues these Defendants by such fictitious names. ROE CORPORATIONS I through V were responsible for the events and happenings referred to and proximately caused damages to Plaintiff as alleged herein by reason of vicarious liability, direct liability, agency, ostensible agency, or other theory.  Plaintiff asks leave of the Court to amend the Complaint to insert the true names and capacities of ROE CORPORATIONS I through X, inclusive, when the same have been ascertained, and to join such Defendants in this action.

14.     DOES VI through X and ROE Corporations VI through X may be employers of Defendants who may be liable for Defendant's negligence pursuant to NRS 41.130, which states:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

15.     DOES VI through X and ROE Corporations VI through X may be persons or entities

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

who placed upon the market the defective product, including but not limited to, selling of any part or component of the defective product; manufacturing of any part or component of the defective product; or placing the product in the stream of commerce or in the hands of the user without adequate warning or instruction in regard to the products proper use.

16.     Upon information and belief, ROE MANUFACTURERS and/or DOE/ROE Defendants designed and/or manufactured, in part or in whole, the MAPP gas container.

17.     Upon information and belief, ROE MANUFACTURERS, ROE DISTRIBUTORS and/or DOE/ROE Defendants sold, transported, and shipped the MAPP gas canister/propane to Clark County, Nevada.

18.     The MAPP gas canister/propane was sold, distributed, delivered and/or transported by ROE DISTRIBUTORS, ROE CORPORATIONS and/or DOE/ROE Defendants to Downtown Grand and/or Defendant DT3 Manager, LLC for use in Clark County, Nevada.

19.     That the tort occurred in part in Clark County, Nevada in that said MAPP gas canister/propane that was a part of the explosion in this case was purchased and/or used in Clark County, Nevada; that Clark County, Nevada is a proper venue and this Court has proper jurisdiction.

20.     That on or about the 10th day of December 2016, a MAPP gas /propane gas explosion occurred on the premises of Defendant Furnace Bar believed to be owned and operated by Defendant DT3 Manager, LLC and/or DOE/ROE Defendants.

21.     That said MAPP gas canister/propane exploded severely burning, maiming and injuring the Plaintiff, Victor Michael Mendez.

## FIRST CLAIM FOR RELIEF

## (NEGLIGENCE AGAINST ALL DEFENDANTS)

22.     That the Plaintiff repleads and realleges the allegations of paragraphs 1 through 21 of the Complaint and by this reference incorporate said paragraphs herein as though fully set out.

23.     The Defendants had a duty to keep its premises in a reasonably safe condition.



GANZ & HAUF

8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

24.     The Defendants had a duty to maintain MAPP gas container in a safe condition

25.     The Defendants had a duty to inspect the MAPP gas container to make sure it was free from defects.

26.     The Defendants had a duty to store and distribute the MAPP gas container in a safe manner.

27.     The Defendants had a duty to warn users like the Plaintiff of dangers associated with the MAPP gas container and uniform.

28.     If the MAPP gas container was not in a safe condition then the Defendants had a duty to ensure that the container was not used.

29.     If the Aramark uniform was not safe for Plaintiff's use, then the Defendants had a duty to ensure that the safe equipment was used.

30.     The Defendants acted wrongfully and negligently in failing to remove MAPP gas container that posed a risk of injury to people while in storage or in use.

31.     The Defendants acted wrongfully and negligently in creating and maintaining a dangerous condition that could not easily, or at all, be seen by an ordinary person exercising due care while handling or distributing the MAPP gas container.

32.     Defendants Fifth Street Gaming, Fine Properties, LLC, Furnace Bar, DT3 Manager, LLC and DOE/ROE Defendants were negligent and breached duties owed to Plaintiff in one or more of the following particulars, to wit:

(A)     In failing to use a type of safety system to warn of the dangers of using MAPP gas cylinders/propane.

(B)     In failing to warn consumers of propensities and deficiencies of propane.

(C)     In failing to warn concerning the appropriate action to take in order to avoid harm from a MAPP gas and/or propane gas explosion.

(D)     In failing to exercise ordinary or reasonable care to prevent injury to an outside worker in the course of his employment.

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3628

(E)    In failing to provide an outside worker with a reasonably safe place to work.

(F)    In failing to warn and instruct an outside worker as to defect and dangers that were not obvious.

(G)    To supervise and direct the work when its nature of the work was hazardous and as such that reasonable care for the safety of the outside worker demands it.

33.    That Defendant Aramark, was negligent, and breached duties owed to Plaintiff, in one or more of the following particulars, to wit:

(A)    In failing to warn consumers not to use fire source around Plaintiff's uniform.

(B)    In failing to warn/educate of the dangerous flammability characteristics of Aramark's uniforms.

(C)    In failing to warn concerning the appropriate action to take in order to avoid burning clothing.

(D)    In failing to supply flame-retardant clothing.

34.    That the negligence of the Defendants and each of them individually, jointly, and/or severally, was a proximate cause of the injuries and damages to the Plaintiff, Victor Michael Mendez.

35.    That as a direct and proximate cause of the negligence of each Defendant individually, jointly and/or severally as heretofore set out, Plaintiff, Victor Michael Mendez, has sustained the following injuries and damages including but not limited to:

(A)    Past, present and future medical and hospital care and treatment.

(B)    Past, present and future permanent disability.

(C)    Past, present and future permanent disfigurement.

(D)    Past, present and future physical and mental pain and suffering and an

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

inability to lead a normal life

and psychological injuries.

(E)     Past, present and future loss of

enjoyment of life.

(F)     Past, present and future loss of

earnings and earning capacity.

36.     That as a direct and proximate cause of the negligence of the Defendants and each of them, individually, jointly and/or severally the Plaintiff, Victor Michael Mendez, has sustained damages and is entitled to just, reasonable and adequate compensation in excess of $15,000.

37.     That as a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Plaintiff was required to incur expenses for medical care, treatment and expenses incidental thereto, all to his damage in a present amount yet unknown at this time, and will be required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapists, surgery, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiff prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

38.     That as a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Plaintiff has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure said losses for an indefinite period of time in the future, in an amount in excess of $15,000.00, and in this regard the Plaintiff prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

39.     That as a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Plaintiff has been unable to work and has suffered a loss of wages, and has suffered a loss of earning capacity, in an amount presently unascertained; that in this regard,

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

1   Plaintiff prays leave of the Court to insert all said damages herein when the same have been fully

2   ascertained or proven at the time of trial.

### SECOND CLAIM FOR RELIEF

### (NEGLGIENT HIRING. TRAINING, SUPERVISION AGAINST ALL DEFENDANTS)

6   40.   Plaintiff repeats and alleges each and every statement set forth in Paragraphs 1

through 39 of the Complaint on file herein, as though each was set forth herein verbatim.

41.   All of the Defendants had a duty to properly hire, train, and supervise each of their

staff and/or other agents.

42.   As described in detail in the above paragraphs incorporated herein, these Defendants

failed to meet this obligation and breached this duty to adequately hire, train and supervise each of

their staff and other agents.

43.   As a direct and proximate result of the negligence of the Defendants, and each of

them, Plaintiff suffered damage in an amount in excess of the minimum jurisdictional amount

established for filing this action.

44.   Defendants' failure was the proximate cause of substantial injury to Plaintiff.

45.   It has been necessary for Plaintiff to retain the services of counsel to represent him in

the above-entitled matter, and he should be awarded reasonable attorneys' fees and costs of the suit

incurred herein.

### THIRD CLAIM FOR RELIEF

### (EXPRESSED AND/OR IMPLIED WARRANTY AGAINST ALL DEFENDANTS, ROE

### MANUFACTURERS, ROE DISTRIBUTORS, ROE DESIGNERS, ROE CORPORATIONS

### and/or DOE/ROES)

46.   That the Plaintiff repleads and realleges the allegations of paragraphs 1 through 45 of



GANZ&HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

the Complaint and by this reference incorporate said paragraphs herein as though fully set out.

47.    That the Defendants and each of them individually expressed and/or impliedly warranted that the Defendants had knowledge and were capable of safely delivering and selling their respective products.

48.    That the Defendants and each of them individually further expressly and/or impliedly warranted that the MAPP gas container/propane were safe to use and that Plaintiff had been fully and properly warned and/or educated and, thus, were capable of safely using the MAPP gas container/propane.

49.    That the Defendants breached the expressed and/or implied warranties.

50.    That as a direct and proximate cause of the breach of expressed and/or implied warranties by each Defendant and each of them, individually, jointly and/or severally as heretofore set out, Plaintiff has sustained the heretofore set out injuries and damages.

51.    That as a direct and proximate cause of the breach of the expressed and/or implied warranties by each Defendant individually, jointly and/or severally, the Plaintiff, Victor Michael Mendez, has sustained damages and is entitled to just, reasonable and adequate compensation therefore in amount in excess of $15,000.

## FOURTH CLAIM FOR RELIEF

### (STRICT LIABILITY AGAINST ALL DEFENDANTS)

52.    That the Plaintiff, Victor Michael Mendez, repleads and realleges the allegations of paragraphs 1 through 51 of the Complaint and by this reference incorporate said paragraphs herein as though fully set out.

53.    That the Defendants and each of them are strictly liable.

54.    That MAPP gas cylinder was in a defective condition at the time Defendants, DT3 Manager, LLC, Furnace Bar, and Fine Properties, LLC, ROE MANUFACTURERS, ROE

GANZ & HAUF

8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

Page 9 of 15

DISTRIBUTORS, ROE DESIGNERS, ROE CORPORATIONS and/or DOE/ROES, provided the equipment to Plaintiff for use.

55.     That said MAPP gas cylinder was in an unreasonably dangerous and defective condition at the time the respective Defendants offered use to the Plaintiff and that said product was defective as heretofore set out.

56.     That said uniform was in an unreasonably safe and defective condition at the time Defendants Aramark, and/or ROE manufacturers and distributors, manufactured and/or distributed and/or offered for sale, rental and/or use said uniform to the public.

57.     That the defective condition of the Defendants' products as heretofore set out was a proximate cause of the injuries and damages to the Plaintiff, Victor Michael Mendez.

58.     That as a direct and proximate cause of the defective condition of the products as heretofore set out, the Plaintiff, Victor Michael Mendez, has sustained the heretofore set out damages.

59.     That as a direct and proximate cause of the defects as set out herein the Plaintiff, Victor Michael Mendez, has sustained damages and injuries and is entitled from each Defendant individually, jointly and/or severally just, reasonable and adequate compensation therefore, in amount in excess of $15,000.

## FOURTH CLAIM FOR RELIEF

### (STRICT LIABILITY- DESIGN- AGAINST ROE MANUFACTURERS, ROE DISTRIBUTORS, ROE DESIGNERS, ROE CORPORATIONS and/or DOE/ROES)

60.     That the Plaintiff, Victor Michael Mendez, repleads and realleges the allegations of paragraphs 1 through 59 of the Complaint and by this reference incorporate said paragraphs herein as though fully set out.

61.     That the Defendants and each of them are strictly liable.

62.     Upon information and belief, Defendants, ROE MANUFACTURERS, ROE

GANZ&HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

DISTRIBUTORS, ROE DESINGERS, and/or DOE/ROE Defendants, designed, in whole or in part, the MAPP gas container.

63.    Defendants were in the business of selling and distributing the MAPP gas container to other distributors and buyers.

64.    Defendants expected the MAPP gas container to arrive at consumers in the condition in which the container was designed, produced, and sold.

65.    Upon information and belief, the MAPP gas container was defective, hazardous and dangerous and was not fit to be used in the manner it was intended. Also, the ordinary use of this product created an unreasonable risk of serious bodily injury to its foreseeable users and to the public.

66.    Plaintiff's injuries were caused, in whole or in part, by the defective MAPP gas container.

67.    As a direct and proximate cause of the defective MAPP gas container, Plaintiff sustained severe bodily trauma, all or some of which may be permanent and disabling in nature, all to his general and compensatory damage in an amount in excess of $15,000.00.  In addition, Plaintiff was required to incur expenses for medical care, treatment and expenses incidental thereto, all to his detriment, in an  amount unknown at this time, and may be required in the future to incur expenses for medical care and treatment, including surgery, physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiff prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

68.    As a direct and proximate result of the defective MAPP gas container, Plaintiff has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure said losses for an indefinite period of time in the future, in an amount in excess of $15,000.00, and in this regard Plaintiff prays leave of the Court to insert all said damages herein

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

1    when the same have been fully ascertained or proven at the time of trial herein.

2    69.    At the time of the events described herein, Plaintiff was gainfully employed and was

3    earning a steady income.  As a further proximate result of the negligence of Defendants, and each of

4    them, as herein alleged, Plaintiff was prevented from attending to his usual occupation and has been

5    damaged thereby, the exact amount of which is unknown at the present time.

6

7    70.    It has been necessary for the Plaintiff to retain the services of counsel to represent

8    him in the above-entitled matter, and he should be awarded reasonable attorney's fees and costs.

9                        **FIFTH CLAIM FOR RELIEF**

10   **(STRICT LIABILITY- SELLERS- AGAINST ALL DEFENDANTS, ROE**

11   **MANUFACTURERS, ROE DISTRIBUTORS, ROE DESIGNERS, ROE CORPORATIONS**

12   **and/or DOE/ROES)**

13

14   71.    Plaintiff repeats and alleges each and every statement set forth in Paragraphs 1

15   through 70 of the Complaint on file herein, as though each was set forth herein verbatim.

16   72.    Defendants sold the MAPP gas container into the stream of commerce to include but

17   not limited to, distributors and final consumers of the container.

18   73.    Upon information and belief, the MAPP gas container was defective, hazardous and

19   dangerous and was not fit to be used in the manner it was intended. Also, the ordinary use of this

20   product created an unreasonable risk of serious bodily injury to its foreseeable users and to the

21

22   general public.

23   74.    The Defendants knew or should have known of the defective condition and the risks

24   associated with the MAPP gas container.

25   75.    The Plaintiff neither knew, nor had reason to know at the time of delivering the

26   MAPP gas container that the MAPP gas container was defective and hazardous.

27   76.    The Defendants failed to warn that the MAPP gas container was in a dangerous

28   condition.

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

77. As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, Plaintiff sustained severe bodily trauma, all or some of which may be permanent and disabling in nature, all to his general and compensatory damage in an amount in excess of $15,000.00. In addition, Plaintiff was required to incur expenses for medical care, treatment and expenses incidental thereto, all to his detriment, in an amount unknown at this time, and may be required in the future to incur expenses for medical care and treatment, including surgery, physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiff prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

78. As a direct and proximate result of the Defendants failure to warn, Plaintiff has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure said losses for an indefinite period of time in the future, in an amount in excess of $15,000.00, and in this regard Plaintiff prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

79. At the time of the events described herein, Plaintiff was gainfully employed and was earning a steady income. As a further proximate result of the negligence of Defendants, and each of them, as herein alleged, Plaintiff was prevented from attending his usual occupation and has been damaged thereby, the exact amount of which is unknown at the present time.

80. It has been necessary for the Plaintiff to retain the services of counsel to represent him in the above-entitled matter, and he should be awarded reasonable attorney's fees and costs.

## SIXTH CLAIM FOR RELIEF

### ((STRICT LIABILITY- MANUFACTURING- AGAINST ROE MANUFACTURERS, ROE DISTRIBUTORS, ROE CORPORATIONS and/or DOE/ROES))

81. Plaintiff repeats and alleges each and every statement set forth in Paragraphs 1 through 80 of the Complaint on file herein, as though each was set forth herein verbatim.

82.     Defendants designed and produced the MAPP gas container, in whole or in part, which ended up in the stream of commerce, to include but not limited to, distributors and final consumers of the MAPP gas container.

83.     Upon information and belief, the MAPP gas container was defective, hazardous and dangerous and was not fit to be used in the manner it was intended. Also, the ordinary use of this product created an unreasonable risk of serious bodily injury to its foreseeable users and to the general public.

84.     The Defendants knew or should have known of the defective condition and the risks associated with the MAPP gas container.

85.     The Plaintiff neither knew, nor had reason to know at the time of delivering the MAPP gas container that the MAPP gas container was defective and hazardous.

86.     The Defendants failed to warn that the MAPP gas container was in a dangerous condition.

87.     As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, Plaintiff sustained severe bodily trauma, all or some of which may be permanent and disabling in nature, all to his general and compensatory damage in an amount in excess of $15,000.00. In addition, Plaintiff was required to incur expenses for medical care, treatment and expenses incidental thereto, all to his detriment, in an  amount unknown at this time, and may be required in the future to incur expenses for medical care and treatment, including surgery, physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiff prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

88.     As a direct and proximate result of the Defendants failure to warn, Plaintiff has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure said losses for an indefinite period of time in the future, in an amount in excess of

G GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

$15,000.00, and in this regard Plaintiff prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

89.     At the time of the events described herein, Plaintiff was gainfully employed and was earning a steady income. As a further proximate result of the negligence of Defendants, and each of them, as herein alleged, Plaintiff was prevented from attending his usual occupation and has been damaged thereby, the exact amount of which is unknown at the present time.

90.     It has been necessary for the Plaintiff to retain the services of counsel to represent him in the above-entitled matter, and he should be awarded reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief and judgment as against Defendants, and each of them as follows:

1.     Compensatory and special damages in excess of $15,000, according to proof at trial;

2.     Interest from the time of service of this complaint as allowed by NRS 17.130;

3.     Costs of suit and attorney fees;

4.     Punitive damages in excess of $15,000; and

4.     For such other and further relief as the court may deem appropriate.

Dated this _____ day of April, 2017.

GANZ & HAUF

MAJORIE HAUF, ESQ.
Nevada Bar No. 008111
DAVID T. GLUTH, ESQ.
Nevada Bar No. 10596

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626